**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL REMME, | No. 09-35439 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-00273-PA |
| v. | |
| JEAN HILL, Superintendent, Snake River Correctional Institution, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted March 2, 2010
Portland, Oregon

Before: PAEZ, TALLMAN and M. SMITH, Circuit Judges.

Paul Remme appeals from the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition challenging his conviction and sentence for four counts of

criminal mistreatment under Or. Rev. Stat. § 163.205. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

28 U.S.C. § 2253.  We review de novo the district court's denial of the petition, *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009), and we affirm.

Remme challenges his convictions on two counts of criminal mistreatment for which only 11 of the 12 jurors found him guilty.  According to Remme, his conviction by a non-unanimous jury violates his Sixth Amendment rights.  Remme concedes that the Supreme Court upheld Oregon's system of allowing convictions by non-unanimous juries in *Apodaca v. Oregon*, 406 U.S. 404, 406 (1972).  Nonetheless, he contends that the *Apodaca* plurality opinion is incompatible with the Supreme Court's recent decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007).  We need not consider the merits of this argument because, regardless, we lack the authority to disregard the holding of *Apodaca*.  *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").  Because Remme's challenge to his conviction fails on the merits, we affirm the denial of habeas relief on this ground without first determining whether a state procedural bar or failure to exhaust precludes federal

2

habeas relief. *See* 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

Remme also challenges his sentence on two grounds. First, Remme contends that the sentencing judge violated his Sixth Amendment rights under *Apprendi*, 530 U.S. at 490, and *Blakely*, 542 U.S. at 303, by sentencing him to a term of imprisonment above the Oregon sentencing guidelines' presumptive sentence on the basis of facts not proven to a jury. Although this sentence did, in fact, violate the Sixth Amendment under *Blakely*, it does not entitle Remme to federal habeas relief because his conviction became final before the Supreme Court issued its decision in *Blakely*, and *Blakely* does not apply retroactively. *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005). Moreover, Remme is not entitled to relief on the basis of *Apprendi* alone. *Id.*

Second, Remme contends that the sentencing judge violated his Sixth Amendment rights under *Apprendi*, 530 U.S. at 490, and *Blakely*, 542 U.S. at 303, by imposing consecutive sentences on the basis of facts not proven to a jury. This argument is foreclosed by *Oregon v. Ice*, which upheld Oregon's law requiring judges to find certain facts before imposing consecutive sentences. 129 S. Ct. 711, 714–15 (2009).

AFFIRMED.

3